THE STATE, EX REL. REPUBLIC STEEL CORPORATION ET AL., APPELLANTS, *v.* OHIO CIVIL RIGHTS COMMISSION, APPELLEE.

(No. 75-354—Decided December 24, 1975.)

*Metzenbaum, Gaines & Stern Co., L. P. A.,* Mr. Melvin S. Schwarzwald, Mr. Mark A. Rock, Mr. Bernard Kleiman and Mr. Carl Frankel, for appellant unions.

Messrs. Jones, Day, Reavis & Pogue, Mr. Victor E. DeMarco, Mr. James C. Sennett, Mr. Dennis K. Kelly and Mr. David G. Schryver, for appellant Republic Steel Corp.

*Mr. William J. Brown,* attorney general, *Mr. Andrew J. Ruzicho* and *Mr. Louis A. Jacobs,* for appellee.

HERBERT, J. Appellants contend that the statutory language within R. C. 4112.05(B), concerning efforts to resolve alleged discriminatory practices by conciliation, is a jurisdictional prerequisite to the proper issuance of a complaint by the Ohio Civil Rights Commission.

R. C. 4112.05(B) sets forth specific procedures to be followed by the commission and, in pertinent part, states:

"Whenever it is charged in writing and under oath by a person, referred to as the complainant, that any person, referred to as the respondent, has engaged or is engaging in unlawful discriminatory practices, or upon its own initiative in matters relating to any of the unlawful discriminatory practices enumerated in division (A), (B), (C), (D), (E), (F), (I), or (J) of Section 4112.02 of the Revised Code, the commission may initiate a preliminary investigation. * * * If it determines after such investigation that it is probable that unlawful discriminatory practices have been or are being engaged in, it shall endeavor to eliminate such practices by informal methods of conference, conciliation, and persuasion. * * * If, after such investigation and conference, the commission is satisfied that any unlawful discriminatory practice of the respondent will be eliminated, it may treat the complaint as conciliated, and entry of such disposition shall be made on the records of the commission. If the commission fails to effect the elimination of such unlawful discriminatory practices and to obtain voluntary compliance with Chapter 4112 of the Revised Code, or, if the circumstances warrant, in advance of any such preliminary investigation or endeavors * * * the commission shall issue and cause to be served upon any person or respondent a complaint stating the charges in that respect and containing a notice of hearing before the commission * * *."

By drafting R. C. 4112.05(B) in the above manner, the General Assembly established definite guidelines for the

commission to follow prior to issuance of a complaint. First, the commission must make a preliminary investigation to ascertain whether unlawful discriminatory practices exist or were engaged in. Second, if such investigation results in an affirmative finding by the commission, it "*shall* endeavor to eliminate such practices by informal methods of conference, conciliation, and persuasion." (Emphasis added.) The commission is authorized to issue a complaint stating the charges and giving notice of a hearing only when efforts at conciliation have been completed and have failed to remedy the problems by voluntary compliance.[1] When it employed the chosen language in R. C. 4112.05(B), concerning pre-complaint directives for conciliation, it is clear that the General Assembly intended a completed attempt at conciliation to be a condition precedent to the issuance of a complaint.

The commission's own rules and regulations support the statutory requirement that an accomplished effort at meaningful conciliation precede the complaint. Rule 5.02 states:

"Where the facts indicate that it is probable that any unlawful discriminatory practices have been or are being engaged in, the director shall immediately refer the matter to the commission with a recommendation for proceeding with conciliation. If the commission determines such probable cause does exist, the commission shall instruct the Director to endeavor to eliminate all unlawful discrim-

---

[1] By allowing the commission to issue a complaint "if the circumstances warrant, in advance of any such preliminary investigation or endeavors," R. C. 4112.05(B) provides an exception to the requirement that conciliation efforts precede the complaint. However, the statutory language provides this procedure is to be used "in advance" of preliminary investigations, and applies to those situations where factors necessitate the direct issuance of a complaint. In the case at bar, the commission admits it had investigated the charges against appellants for more than two years before it issued the complaint. Therefore, it cannot now invoke the above exception to justify the issuance of the within complaint. Furthermore, no statement of the "circumstances" warranting such a direct issuance of a complaint appears in the complaint at bar.

inatory practices by conference, conciliation and persuasion.''

Rule 9.01 provides, in part:

''After the commission determines that it is probable that any unlawful discriminatory practices have been or are being engaged in against complainant or others and after the commission fails to effect the elimination of such unlawful discriminatory practices by conciliation * * * the commission shall issue and cause to be served upon all parties thereto or their attorneys of record, if any, a complaint containing a notice of hearing before a hearing examiner.''

Under federal law, the Equal Employment Opportunity Commission (EEOC) was established to prevent unlawful employment practices. The EEOC operates under a statutory framework similar to R. C. 4112.05(B) in relation to procedures prior to the intiation of an action in court.[2] As can be seen, Section 2000e-5(b), Title 42, U. S. Code, employs mandatory language identical to R. C. 4112.-05(B) concerning efforts by the EEOC to achieve voluntary compliance after unlawful practices are found to exist.

---

[2]Title VII of the federal Civil Rights Act of 1964, Section 2000e-5 (b), Title 42, U. S. Code, states, in part:

"Whenever a charge is filed by or on behalf of a person claiming to be aggrieved * * * alleging that an employer * * * has engaged in an unlawful employment practice, the commission shall serve a notice of the charge * * * on such employer * * * (hereinafter referred to as the 'respondent') within ten days, and shall make an investigation thereof. * * * If the commission determines after such investigation that there is reasonable cause to believe that the charge is true, the commission shall endeavor to eliminate any alleged unlawful employment practice by informal method of conference, conciliation, and persuasion. * * *"

Subsection (f)(1) states further:

"If within thirty days after a charge is filed with the commission * * * the commission has been unable to secure from the respondent a conciliation agreement acceptable to the commission, the commission may bring a civil action against any respondent * * * named in the charge."

In construing the relevant language in Section 2000e-5(b), the federal courts have consistently held that the EEOC may not initiate a civil action without first attempting, in good faith, to correct the situation by conciliation. In *Equal Employment Opportunity Comm.* v. *Griffin Wheel Co.* (N. D. Ala. 1973), 360 F. Supp. 424, the court stated, at page 426:

"The inability of the commission to secure from defendant a conciliation agreement acceptable to the commission is a prerequisite * * * which must be satisfied *before* the commission can file a civil action. In amending Title VII in 1972 to allow the commission to maintain suit on its own behalf, Congress emphasized the duty of the commission to make a good faith effort to secure voluntary compliance through conciliation prior to bringing suit; and the fulfillment of this duty is necessary before a district court can entertain suit by the commission. Being jurisdictional in nature, the complaint must at least allege in the statutory language that 'the commission has been unable to secure from the respondent a conciliation agreement acceptable to the commission.' "

See, also, *Equal Employment Opportunity Comm.* v. *Western Electric Co.* (D. Md. 1973), 364 F. Supp. 188; *Equal Employment Opportunity Comm.* v. *E. I. DuPont de Nemours & Co.* (D. Del. 1974), 373 F. Supp. 1321; *Equal Employment Opportunity Comm.* v. *Container Corp. of America* (M. D. Fla. 1972), 352 F. Supp. 262; *Equal Employment Opportunity Comm.* v. *United States Pipe & Foundry Co.* (N. D. Ala. 1974), 375 F. Supp. 237; *Equal Employment Opportunity Comm.* v. *Hickey-Mitchell Co.* (C. A. 8, 1974), 507 F. 2d 944, in which the courts have determined that an unsuccessful effort at conciliation is a "jurisdictional prerequisite" or "condition precedent" to the commission's initiation of a civil action.

What further emerges from these cases is that attempted conciliation must precede adversary proceedings not only due to the language within Section 2000e-5(b), but because voluntary compliance enables the commission to better

carry out its responsibilities. Thus, negotiation must be the primary mode of enforcement; otherwise, the commission's energies would be wasted at trial, and implementation of Title VII objectives would be frustrated.[3] Such a rationale also applies to the Ohio Civil Rights Commission and its duties under R. C. Chapter 4112.

It is our conclusion that, pursuant to R. C. 4112.05(B), a completed and unsuccessful attempt by the Ohio Civil Rights Commission to eliminate unlawful discriminatory practices by conference, conciliation or persuasion is a jurisdictional prerequisite to the issuance of a complaint by the commission, except where circumstances warrant the issuance of a complaint directly upon receipt by the commission of knowledge of the unlawful discriminatory practices alleged therein. In the case at bar, the complaint stated that efforts at conciliation had begun, but were not completed, with respect to Republic Steel, and had not even begun with the unions. Therefore, the commission lacked the jurisdiction to issue a complaint under R. C. 4112.05(B).

The commission contends, however, that it is not about to exercise judicial or quasi-judicial power and that appellants have an adequate remedy at law; thus, it asserts that conditions which warrant the granting of a writ of prohibition are not present in this case.[4]

Under prior decisions of this court, proceedings of administrative agencies are considered quasi-judicial if there is notice, a hearing and an opportunity for introduction of evidence. *M. J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150, 290 N. E. 2d 562; *Zangerle* v. *Evatt* (1942), 139 Ohio St. 563, 41 N. E. 2d 369. An examination of the

---

[3]See Blumrosen, The Crossroads for Equal Employment Opportunity: Incisive Administration or Indecisive Bureaucracy? 49 Notre Dame Lawyer 46 (1973).

[4]See *State, ex rel. Northern Ohio Telephone Co.*, v. *Winter* (1970), 23 Ohio St. 2d 6, 260 N. E. 2d 827; *State, ex rel Nolan*, v. *ClenDening* (1915), 93 Ohio St. 264, 112 N. E. 1029, as to the usual requirements for the issuance of the writ.

provisions of R. C. 4112.05 reveals that proceedings before the commission meet the above criteria. The complaint provides for notice of a hearing before the commission. R. C. 4112.05(B). At that hearing, the party charged in the complaint may examine and cross-examine witnesses under oath, and introduce evidence to refute the alleged unlawful practices. R. C. 4112.05(C) and (D).

Additionally, whether or not the availability of an appeal from the commission's finding[6] constitutes an adequate remedy at law is immaterial in light of the commission's unambiguous lack of jurisdiction and the principle announced in *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, 285 N. E. 2d 22.

For the foregoing reasons, the judgment of the Court of Appeals is reversed, and the writ prayed for is allowed.

*Judgment reversed and writ allowed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[6] R. C. 4112.06(A) provides, in part:

"Any complainant, or respondent claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint, may obtain judicial review thereof * * *."