THE STATE, EX REL. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., APPELLANT, *v.* OHIO CIVIL RIGHTS COMMISSION, APPELLEE.

[Cite as State, ex rel. State Farm Mut. Auto. Ins. Co., *v.* Ohio Civil Rights Comm. (1983), 6 Ohio St. 3d 426.]

(No. 83-13—Decided August 31, 1983.)

*Meyers, Hentemann, Schneider & Rea Co., L.P.A.,* and *Mr. Henry A. Hentemann,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Robert F. Deacon,* for appellee.

*Per Curiam.* Appellant claims entitlement to the issuance of a writ of prohibition based on our decision in *State, ex rel. Republic Steel Corp.,* v. *Ohio Civil Rights Comm.* (1975), 44 Ohio St. 2d 178 [73 O.O.2d 478], wherein we held: "Pursuant to R.C. 4112.05 (B), a completed and unsuccessful attempt by the Ohio Civil Rights Commission to eliminate unlawful discriminatory practices by conference, conciliation or persuasion is a jurisdictional prerequisite to the issuance of a complaint by the commission * * *." In *Republic Steel,* we allowed a writ of prohibition to prevent the commission from continuing with further proceedings upon its complaint which noted that conciliation efforts were not completed with respect to one respondent and had not begun with respect to the remaining respondents. *Id.* at 184.

In the case at bar, the complaint alleged, and the record demonstrates, that conciliation efforts were completed and unsuccessful. Accordingly, we find appellant's reliance on *Republic Steel* misplaced.

In substance, appellant's arguments do not deny that the necessary conciliation efforts were undertaken, but contest the authority of appellee to rely on investigations conducted by the EEOC as a reference in beginning conciliation efforts. These arguments do not present a challenge to appellee's jurisdiction, but rather, allege error as to the manner in which appellee conducted its investigation. These issues are properly raised on appeal which is available to appellant pursuant to R.C. 4112.06. As we stated in *State, ex rel. Woodbury,* v. *Spitler* (1973), 34 Ohio St. 2d 134, 137 [63 O.O.2d 229]: "* * * Extraordinary remedies, *i.e.,* mandamus, prohibition and habeas corpus, are available only when usual forms of procedure are incapable of affording relief. They may not be employed before trial on the merits, as a substitute for an appeal for the purpose of reviewing mere errors, or irregularities in the proceedings of a court having proper jurisdiction * * *."

Accordingly, we agree with the court of appeals' determination that appellant, having an adequate remedy at law by way of appeal, is not entitled to relief in prohibition.

We note, however, that this determination could not have been based solely on the allegations of the complaint. Appellant's complaint alleged that no conciliation had been undertaken. It was necessary for the court of appeals to rely on the deposition of appellee's conciliator, correspondence between the parties, and the commission's complaint to establish that conciliation had been completed. For this reason the motion should have been treated as one for summary judgment. Civ. R. 12 (B). We find that the requirements for summary judgment under Civ. R. 56 were met inasmuch as both parties were permitted to present a brief on the issue which contained exhibits setting forth the evidence relied on by the appellate court herein.

Accordingly, we affirm the judgment of the court of appeals as one granting summary judgment in favor of appellee.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.