THE STATE, EX REL. EAST MANUFACTURING CORP., APPELLANT,
v. OHIO CIVIL RIGHTS COMMISSION, APPELLEE.

[Cite as *State, ex rel. East Mfg. Corp., v. Ohio Civil
Rights Comm.* (1992), 63 Ohio St.3d 179.]

(No. 90–2099—Submitted December 10, 1991—Decided March 11, 1992.)

*Joondeph & Shaffer, David H. Shaffer* and *Michael J. Spetrino,* for appellant.

*Lee I. Fisher,* Attorney General, and *Mary Jo Paulett–Toumert,* for appellee.

*Per Curiam.* We hold that the court of appeals erred in dismissing the complaint and in failing to deny the writ pursuant to the commission's motion for summary judgment. We now exercise our plenary authority in extraordinary actions and deny the writ as if it had been originally filed in this court. *State, ex rel. Natalina Food Co., v. Ohio Civil Rights Comm.* (1990), 55 Ohio St.3d 98, 562 N.E.2d 1383.

East Manufacturing first maintains that alleging in the complaint, or establishing on the merits, a lack of an adequate remedy is unnecessary if the commission patently and unambiguously lacked jurisdiction.

As to this argument, we have held that we may grant a writ of prohibition if a judicial or quasi-judicial tribunal patently and unambiguously lacks jurisdiction, despite a relator's having an adequate remedy at law. *State, ex rel. Natalina Food Co., v. Ohio Civil Rights Comm., supra.* According to *Natalina,* however, if the commission has " * * * 'basic statutory jurisdiction to proceed in the case,' " we will not grant the writ. *Id.* at 100, 562 N.E.2d at 1385. Under *Natalina,* the commission here has at least this basic jurisdiction.

The commission, in this case, did not expressly acknowledge failure to comply with the jurisdictional requirement that the commission must attempt conciliation before it may issue a complaint, as it had in the case upon which East Manufacturing relies, *State, ex rel. Republic Steel Corp., v. Ohio Civil Rights Comm.* (1975), 44 Ohio St.2d 178, 73 O.O.2d 478, 339 N.E.2d 658. To the contrary, the commission, according to the evidence, appears to have complied with this conciliation prerequisite. The commission did not patently and unambiguously lack jurisdiction. This jurisdictional question, moreover, can be raised on appeal under R.C. 4112.06, and, thus, East Manufacturing has an adequate remedy at law. *State, ex rel. State Farm Mut. Auto. Ins.*

*Co., v. Ohio Civil Rights Comm.* (1983), 6 Ohio St.3d 426, 6 OBR 471, 453 N.E.2d 601.

East Manufacturing also claims that the court of appeals abused its discretion in denying its motions to vacate judgment and for leave to amend the complaint.[1] The above analysis also undermines this argument. For East Manufacturing to prevail on the motion to vacate, it must, *inter alia,* demonstrate that it has a meritorious defense or claim to present if relief from judgment were to be granted. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. Here, East Manufacturing does not have a meritorious claim because its proposed amendment, in adding the allegation that it lacks an adequate remedy, is an incorrect statement per the above reasoning.

Furthermore, filing a Civ.R. 60(B)(5) motion " * * * does not affect the finality of a judgment or suspend its operation." Civ.R. 60(B). Thus, after the court's dismissal, East Manufacturing had to decide whether to appeal the dismissal or to allow the judgment to become final and stand on its motion for relief from judgment. It chose to appeal, which divested the court of appeals of jurisdiction. *Klinginsmith v. Felix* (1989), 62 Ohio App.3d 147, 574 N.E.2d 1142. Consequently, the court should not have responded to the motions to vacate the judgment and for leave to amend the complaint.

Accordingly, we modify the judgment of the court of appeals, grant the commission's motion for summary judgment, and deny the writ.

*Judgment modified*
*and writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

1. East Manufacturing claims that the court's failure to rule on the motions before the appeal was tantamount to denial. After briefs were filed in this court, the court expressly denied the motion to vacate, thus mooting the motion for leave to amend.