THE STATE EX REL. TOLEDO METRO FEDERAL CREDIT UNION, APPELLANT,
*v.* OHIO CIVIL RIGHTS COMMISSION, APPELLEE.

[Cite as *State ex rel. Toledo Metro Fed. Credit Union v.
Ohio Civ. Rights Comm.* (1997), 78 Ohio St.3d 529.]

(No. 96–2014—Submitted April 15, 1997—Decided June 4, 1997.)

530

*Eastman & Smith Ltd., John T. Landwehr* and *Margaret A. Mattimoe,* for appellant.

*Betty D. Montgomery,* Attorney General, and *David A. Oppenheimer,* Assistant Attorney General, for appellee.

*Per Curiam.* Toledo Metro asserts in its various propositions of law that the court of appeals erred in denying the writ. The court of appeals determined that although the commission failed to perform its legal duty to address the merits of Toledo Metro's petition to revoke or modify the commission's subpoena, Toledo Metro had an adequate remedy by way of appeal under R.C. 4112.06 from any subsequent adverse commission determination.

A writ of mandamus will not be issued if there exists a plain and adequate remedy in the ordinary course of law. R.C. 2731.05; *In re Estate of Davis* (1996), 77 Ohio St.3d 45, 46, 671 N.E.2d 9, 10. R.C. 4112.06(A) provides for appeal to a common pleas court by any party "claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint * * *."

Toledo Metro initially claims that an appeal under R.C. 4112.06 does not provide an adequate legal remedy because the common pleas court's review of any adverse commission determination following a hearing on Russell's complaint would be limited under R.C. 4112.06(E) to a determination of whether the commission's factual findings are supported by reliable, probative, and substantial evidence. Toledo Metro contends that the common pleas court could not address the propriety of the commission's probable cause finding in an appeal under R.C. 4112.06.

Toledo Metro's contentions are meritless. A common pleas court's appellate jurisdiction under R.C. 4112.06 is not restricted to a review of the commission's factual findings. Other issues, including the commission's jurisdiction to issue a complaint or constitutional questions, may be raised on appeal. See, *e.g., State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm.* (1992), 63 Ohio St.3d 179, 586 N.E.2d 105; *May v. Ohio Civ. Rights Comm.* (1989), 58 Ohio App.3d 56, 568

N.E.2d 716. More specifically, we have held that alleged errors concerning the manner in which the commission conducts an investigation of a discrimination charge "are properly raised on appeal * * * pursuant to R.C. 4112.06." *State ex rel. State Farm Mut. Auto. Ins. Co. v. Ohio Civ. Rights Comm.* (1983), 6 Ohio St.3d 426, 428, 6 OBR 471, 473, 453 N.E.2d 601, 603. Therefore, Toledo Metro is not precluded from raising its allegations concerning the commission's possible errors in its investigation and probable cause determination in an appeal under R.C. 4112.06.

In addition, as the court of appeals determined, even assuming that Toledo Metro could not challenge the commission's probable cause determination and decision to issue a complaint in the R.C. 4112.06 appeal, this does not justify extraordinary relief in mandamus:

"If the evidence adduced at hearing demonstrates that more likely than not Toledo Metro had been issuing loans and refusing loans on race-based criteria, then the defects in the probable cause determination process are irrelevant. If no finding of impermissible discrimination is forthcoming, the issues are moot."

In other words, Toledo Metro has an adequate remedy at law to challenge the discrimination charge via the hearing on the complaint and an appeal from any subsequent adverse commission determination on the merits of the complaint. Cf., *e.g., Continental Ins. Co. v. Whittington* (1994), 71 Ohio St.3d 150, 642 N.E.2d 615, syllabus ("Any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made.").

Toledo Metro next asserts that this case involves "special circumstances" that render the remedy of appeal inadequate. Absent special circumstances or a "dramatic fact pattern," postjudgment appeal constitutes a complete, beneficial, and speedy remedy. See, *e.g., State ex rel. Westbrook v. Ohio Civ. Rights Comm.* (1985), 17 Ohio St.3d 215, 217, 17 OBR 449, 451, 478 N.E.2d 799, 802; *Fraiberg v. Cuyahoga Cty. Court of Common Pleas* (1996), 76 Ohio St.3d 374, 379, 667 N.E.2d 1189, 1194; cf. *State ex rel. Cody v. Toner* (1983), 8 Ohio St.3d 22, 8 OBR 255, 456 N.E.2d 813. Toledo Metro advances no circumstances or facts that are sufficiently compelling to avoid the presence of the legally adequate appellate remedy and warrant the requested writ.

Toledo Metro also complains that postjudgment appeal is not speedy because the evidentiary hearing before the commission "generally require[s] nine months to a year or more before the conclusion." But this claim is meritless. *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.* (1995), 74 Ohio St.3d 120, 124, 656 N.E.2d 684, 688 ("Wolfe's claims that the OCRC proceeding and any appeal

under R.C. 4112.06 to a common pleas court from any adverse OCRC decision would be inadequate due to time and expense are also without merit."); *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph one of the syllabus ("Where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law.").

Finally, mandamus may not be employed as a substitute for an appeal from an interlocutory order. *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 555, 653 N.E.2d 366, 369. Toledo Metro's mandamus claim is an ill-conceived attempt to garner review of interlocutory commission orders.

Based on the foregoing, the court of appeals properly determined that Toledo Metro was not entitled to the requested extraordinary relief in mandamus because it has an adequate legal remedy by way of administrative appeal under R.C. 4112.06. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.