[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 529.]

THE STATE EX REL. TOLEDO METRO FEDERAL CREDIT UNION, APPELLANT, *v.*
OHIO CIVIL RIGHTS COMMISSION, APPELLEE.

[Cite as *State ex rel. Toledo Metro Fed. Credit Union v. Ohio Civ. Rights Comm.*, 1997-Ohio-192.]

*Mandamus to compel Ohio Civil Rights Commission to rule on relator's petition to revoke or modify its subpoena of relator's loan documents—Writ denied when relator has an adequate legal remedy by way of administrative appeal under R.C. 4112.06.*

(No. 96-2014—Submitted April 15, 1997—Decided June 4, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD10-1294.

_____

{¶ 1} In December 1994, appellant, Toledo Metro Federal Credit Union ("Toledo Metro"), denied Sandy M. Russell's loan application. Shortly thereafter, Russell filed a charge with appellee, Ohio Civil Rights Commission ("commission"), asserting that Toledo Metro had discriminated against her by denying her loan application based on her race.

{¶ 2} In April 1995, the commission issued a subpoena *duces tecum* ordering Toledo Metro to provide it with (1) information concerning another individual's credit history and loan application, and (2) all documents of persons with credit histories similar to Russell's whose loans were approved or disapproved. Toledo Metro filed a petition with the commission to revoke or modify the subpoena pursuant to R.C. 4112.04(B)(3)(d). Toledo Metro objected to the first request to the extent it involved irrelevant, personal information concerning the specified individual and claimed that the remaining general request was "unduly onerous and burdensome."

**{¶ 3}** Without any commission ruling on Toledo Metro's petition, a commission representative advised Russell that she intended to recommend that the commission find probable cause that Toledo Metro had engaged in an unlawful discriminatory practice. The representative recommended the probable cause finding based on an adverse inference from Toledo Metro's failure to comply with the commission's subpoena. In September 1995, after the failure of voluntary conciliation efforts, the commission issued a determination that it was probable that Toledo Metro had engaged in unlawful discriminatory practices. The commission noted that Toledo Metro had failed to provide the information requested by its subpoena. The commission subsequently denied Toledo Metro's request for reconsideration, and in December 1995, it issued a complaint alleging that it was probable that Toledo Metro had committed unlawful discriminatory practices.

**{¶ 4}** Prior to the commission's issuance of the foregoing complaint, Toledo Metro filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel the commission "to rule on [Toledo Metro's] Petition to Revoke or Modify the Subpoena, to modify such subpoena *duces tecum* so as to eliminate its overly broad and burdensome nature, and to compel the [commission] to vacate its probable cause finding." Following the presentation of evidence and briefs, the court of appeals denied the writ.

**{¶ 5}** The cause is now before this court on Toledo Metro's appeal as of right.

––––––––––––––––––

*Eastman & Smith Ltd., John T. Landwehr* and *Margaret A. Mattimoe*, for appellant.

*Betty D. Montgomery*, Attorney General, and *David A. Oppenheimer*, Assistant Attorney General, for appellee.

––––––––––––––––––

*Per Curiam.*

**{¶ 6}** Toledo Metro asserts in its various propositions of law that the court of appeals erred in denying the writ. The court of appeals determined that although the commission failed to perform its legal duty to address the merits of Toledo Metro's petition to revoke or modify the commission's subpoena, Toledo Metro had an adequate remedy by way of appeal under R.C. 4112.06 from any subsequent adverse commission determination.

**{¶ 7}** A writ of mandamus will not be issued if there exists a plain and adequate remedy in the ordinary course of law. R.C. 2731.05; *In re Estate of Davis* (1996), 77 Ohio St.3d 45, 46, 671 N.E.2d 9, 10. R.C. 4112.06(A) provides for appeal to a common pleas court by any party "claiming to be aggrieved by a final order of the commission, including a refusal to issue a complaint ***."

**{¶ 8}** Toledo Metro initially claims that an appeal under R.C. 4112.06 does not provide an adequate legal remedy because the common pleas court's review of any adverse commission determination following a hearing on Russell's complaint would be limited under R.C. 4112.06(E) to a determination of whether the commission's factual findings are supported by reliable, probative, and substantial evidence. Toledo Metro contends that the common pleas court could not address the propriety of the commission's probable cause finding in an appeal under R.C. 4112.06.

**{¶ 9}** Toledo Metro's contentions are meritless. A common pleas court's appellate jurisdiction under R.C. 4112.06 is not restricted to a review of the commission's factual findings. Other issues, including the commission's jurisdiction to issue a complaint or constitutional questions, may be raised on appeal. See, *e.g., State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm.* (1992), 63 Ohio St.3d 179, 586 N.E.2d 105; *May v. Ohio Civ. Rights Comm.* (1989), 58 Ohio App.3d 56, 568 N.E.2d 716. More specifically, we have held that alleged errors concerning the manner in which the commission conducts an investigation of a discrimination charge "are properly raised on appeal *** pursuant to R.C.

4112.06." *State ex rel. State Farm Mut. Auto. Ins. Co. v. Ohio Civ. Rights Comm.* (1983), 6 Ohio St.3d 426, 428, 6 OBR 471, 473, 453 N.E.2d 601, 603. Therefore, Toledo Metro is not precluded from raising its allegations concerning the commission's possible errors in its investigation and probable cause determination in an appeal under R.C. 4112.06.

{¶ 10} In addition, as the court of appeals determined, even assuming that Toledo Metro could not challenge the commission's probable cause determination and decision to issue a complaint in the R.C. 4112.06 appeal, this does not justify extraordinary relief in mandamus:

"If the evidence adduced at hearing demonstrates that more likely than not Toledo Metro had been issuing loans and refusing loans on race-based criteria, then the defects in the probable cause determination process are irrelevant. If no finding of impermissible discrimination is forthcoming, the issues are moot."

{¶ 11} In other words, Toledo Metro has an adequate remedy at law to challenge the discrimination charge via the hearing on the complaint and an appeal from any subsequent adverse commission determination on the merits of the complaint. Cf., *e.g., Continental Ins. Co. v. Whittington* (1994), 71 Ohio St.3d 150, 642 N.E.2d 615, syllabus ("Any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made.").

{¶ 12} Toledo Metro next asserts that this case involves "special circumstances" that render the remedy of appeal inadequate. Absent special circumstances or a "dramatic fact pattern," postjudgment appeal constitutes a complete, beneficial, and speedy remedy. See, *e.g., State ex rel. Westbrook v. Ohio Civ. Rights Comm.* (1985), 17 Ohio St.3d 215, 217, 17 OBR 449, 451, 478 N.E.2d 799, 802; *Fraiberg v. Cuyahoga Cty. Court of Common Pleas* (1996), 76 Ohio St.3d

374, 379, 667 N.E.2d 1189, 1194; cf. *State ex rel. Cody v. Toner* (1983), 8 Ohio St.3d 22, 8 OBR 255, 456 N.E.2d 813. Toledo Metro advances no circumstances or facts that are sufficiently compelling to avoid the presence of the legally adequate appellate remedy and warrant the requested writ.

{¶ 13} Toledo Metro also complains that postjudgment appeal is not speedy because the evidentiary hearing before the commission "generally require[s] nine months to a year or more before the conclusion." But this claim is meritless. *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.* (1995), 74 Ohio St.3d 120, 124, 656 N.E.2d 684, 688 ("Wolfe's claims that the OCRC proceeding and any appeal under R.C. 4112.06 to a common pleas court from any adverse OCRC decision would be inadequate due to time and expense are also without merit."); *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph one of the syllabus ("Where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law.").

{¶ 14} Finally, mandamus may not be employed as a substitute for an appeal from an interlocutory order. *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 555, 653 N.E.2d 366, 369. Toledo Metro's mandamus claim is an ill-conceived attempt to garner review of interlocutory commission orders.

{¶ 15} Based on the foregoing, the court of appeals properly determined that Toledo Metro was not entitled to the requested extraordinary relief in mandamus because it has an adequate legal remedy by way of administrative appeal under R.C. 4112.06. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____