OPINION
C.I.R.E.S., Inc. is appealing from a summary judgment decision entered by the trial court which ruled in its favor on an action that C.I.R.E.S., Inc. had filed against Richard Wright dba The Wright Place, appellees herein, and against the appellant on its mechanics lien claim against the owners of the land of which the appellees were the tenants. The suit also named as defendants three other parties who have or might claim an interest in the real estate. All of the defendants filed answers.
The complaint had been filed on May 1, 1998, and after the answers had been filed, appellant filed a motion for summary judgment against the Wrights on August 18, 1998. The motion did not address the mechanics lien issue and was limited only to the appellant's claim against the Wrights. On October 27, 1998, the trial court sent notice of a non-oral hearing on November 13, 1998, on the motion to all counsel of record. None of the named defendants, including the Wrights, filed any responses to the motion for summary judgment by the appellant.
The matter apparently languished until August 5, 1999, when a visiting judge sitting by assignment filed a judgment entry which granted summary judgment in favor of the appellant on its claim against the Wrights, but also, astonishingly, granted summary judgment against the appellant as to the validity of its mechanics lien. That latter issue was not before the court on the summary judgment motion, and the record proves that the owners of the land in question filed no response to the summary judgment motion on that issue even though, inexplicably, the court stated that it considered "motions of the defendants for summary judgment." Docket 15.
To further complicate this case, the Wrights filed a motion for reconsideration of the court's decision on the grounds that as early as October 16, 1998, the Wrights had filed for bankruptcy protection under Chapter 7 of the bankruptcy code, but no counsel for any party in this case notified the court of this fact until the Wrights filed their motion for reconsideration on August 11, 1999. Two days later, the appellant filed a motion for relief pursuant to Civ.R. 60(A) and (B) to vacate the judgment entry of August 5, 1999, both on the grounds the court had no ability tosua sponte enter summary judgment in favor of a non-moving party, and one who had not even responded to the appellant's motion for summary judgment, and also that that part of the judgment granted to the appellant against the Wrights should be vacated because they remain in bankruptcy, and a judgment against them violates the automatic stay provision of the bankruptcy code. No action was taken by the trial court, and on September 3, 1999, C.I.R.E.S., Inc. filed its notice of appeal. On September 7, 1999, the trial court, again with visiting Judge Parrott, granted the appellant's motion to vacate the August 5, 1999, judgment entry on the grounds that the Wrights are still in bankruptcy, and stayed the case "until such time as Plaintiff requests that the matter be reopened and proof of relief from stay is filed herein." Docket 20.
C.I.R.E.S., Inc. brings the following sole assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT AWARDED SUMMARY JUDGMENT TO NON-MOVING PARTIES AND AGAINST THE APPELLANT ON THE ISSUE OF THE VALIDITY OF THE APPELLANT'S MECHANICS LIEN.
As a threshold matter, it is asserted by the appellant that the trial court lacked jurisdiction to vacate its August 5, 1999, judgment entry because it acted after appellant had filed its notice of appeal, citing State ex rel East Mfg. v. Ohio CivilRights Commission (1992), 63 Ohio St.3d 179, 181; Howard v.Catholic Social Services of Cuyahoga County, Inc. (1994), 70 Ohio St.3d 141,147. The appellant is correct in that the appeal before us is from the trial court's August 5 judgment entry.
The appellant is also correct that the trial court erred in granting summary judgment sua sponte in favor of a non-moving party. Marshall v. Aaron (1984), 15 Ohio St.3d 48. While there is some subsequent authority that in certain very limited cases summary judgment can be entered against a non-moving party (seeState ex rel. Moyer v. Mont. Co. Bd. of Commissioners (Mar. 29, 1995), Montgomery App. No. 14556, unreported), this is not one of them, and in any case, the Wrights filed a brief as appellees and have agreed that the judgment entry of August 5, 1999, was made in error.
The Wrights on appeal requested a remand in order that they can pursue workmanship claims against C.I.R.E.S., Inc., but they never raised those claims to the trial court and did not file a counterclaim. We leave it to the trial court to determine if they can file a counterclaim this late in the litigation.
The assignment of error is sustained, the judgment is reversed, and the case is remanded to a condition of stay pending the release of the appellees from bankruptcy.
GRADY, P.J. and GLASSER, J., concur.
(Hon. George M. Glasser sitting by assignment of the Chief Justice of the Supreme Court of Ohio).