DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relators, Timothy and Erika Rosch, have filed this original action requesting that this court issue a writ of prohibition ordering respondent Ohio Civil Rights Commission ("OCRC") to cease its investigation of a charge filed by Stephen and Roschawne Hall ("the Halls") alleging that relators have engaged and are continuing to engage in an unlawful discriminatory practice in violation of R.C. 4112.02(H)(12) and to refrain from any further proceedings with respect to the charge. OCRC filed a motion to dismiss the action.
 {¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court grant OCRC's motion to dismiss the action. (Attached as Appendix A.) Relators have filed objections to the magistrate's decision. Relators have also filed a motion for reconsideration of the magistrate's decision.
 {¶ 3} As an initial matter, we note that OCRC contends that relators' objections to the magistrate's decision were untimely. Civ.R. 53(E)(3)(a) provides that a party may file written objections to a magistrate's decision within 14 days of the filing of the decision. The magistrate filed his decision on June 3, 2004. Accordingly, relators were required to file their objections by June 17, 2004. As they filed their objections on June 22, 2004, their objections were untimely, and we decline to address them.
 {¶ 4} Relators have also filed a motion for reconsideration of the magistrate's decision, arguing that, because OCRC has issued a complaint in the matter since the magistrate's decision and because the magistrate's decision was based upon a finding that OCRC had not yet issued a complaint, the magistrate's reasoning is no longer valid. We deny relators' motion for reconsideration, as the magistrate's decision adequately addresses relators' new arguments. First, in determining that OCRC had jurisdiction to investigate an allegation of discriminatory practice, the magistrate also cited statutes detailing OCRC's jurisdiction to file a complaint based upon an allegation of discriminatory practice. As cited by the magistrate, R.C. 4112.04(A)(6) permits OCRC to pass upon written charges; R.C. 4112.05(B)(2) permits OCRC to determine whether it is probable that an unlawful discriminatory practice has been or is being engaged in; and R.C. 4112.05(B)(5) requires OCRC to issue a complaint if it cannot eliminate the unlawful discriminatory practice by informal methods. Thus, based upon the statutes already cited by the magistrate, OCRC clearly has the jurisdiction to issue a complaint under circumstances in which it believes an unlawful discriminatory practice has taken place.
 {¶ 5} Second, the magistrate's determination that an action in prohibition does not lie for relators' purposes is still applicable to bar relators' motion for reconsideration. What relators request in their complaint for writ of prohibition is, in essence, for this court to find that they did not engage in an unlawful discriminatory practice under R.C. 4112.02(H)(12). However, as the magistrate found, this determination is for OCRC to make pursuant to R.C. 4112.05(G) and (H). If relators disagree with OCRC's determination, they may then seek appeal in the common pleas court pursuant to R.C. 4112.06. Thus, consistent with the magistrate's determination, we find an action in prohibition does not lie for relators' purposes.
 {¶ 6} After an examination of the magistrate's decision and an independent review of the record pursuant to Civ.R. 53, we find relators' objections were untimely filed and decline to address them. In addition, we deny relators' motion for reconsideration. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it, and grant OCRC's motion to dismiss relators' action.
Motion for reconsideration denied; action dismissed.
Petree and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
 [State ex rel.] Timothy Rosch :
 and Erika Rosch, :
 Relators, :
 v. : No. 04AP-340
 :
 Ohio Civil Rights Commission, : (REGULAR CALENDAR)
 Respondent. :
 MAGISTRATE'S DECISION Rendered on June 3, 2004 Butler, Cincione DiCuccio, N. Gerald DiCuccio, Nicole DiCuccio andWilliam T. Kamb, for relators.
Jim Petro, Attorney General, and Patrick M. Dull, for respondent.
IN PROHIBITION ON MOTION TO DISMISS
 {¶ 7} In this original action, relators Timothy and Ericka Rosch ("the Roschs") request a writ of prohibition ordering respondent, Ohio Civil Rights Commission ("OCRC" or "commission"), to cease its preliminary investigation of a charge filed by Stephen and Roshawne Hall ("the Halls") alleging that relators have engaged and are continuing to engage in an unlawful discriminatory practice in violation of R.C. 4112.02(H)(12) and to refrain from any further proceedings with respect to the charge.
Findings of Fact:
 {¶ 8} 1. According to the complaint, the Roschs are husband and wife residing in Canal Winchester, Ohio. The Halls live next door to the Roschs.
 {¶ 9} 2. According to the complaint, on or about February 14, 2004, OCRC officially notified the Roschs by mail that the Halls had filed a charge alleging that the Roschs have engaged and are continuing to engage in an unlawful discriminatory practice in violation of R.C. 4112.02(H)(12). A copy of the Halls' charge accompanied the OCRC notification. The Halls' sworn statement of facts supporting the charge is as follows:
We moved next door to the Roschs on October 31, 1999. We have been subjected to racially charged harassment by the Roschs. On November 9, 2003, Timothy Rosch called Stephen Hall a "nigger" and Timothy's son, Harrison, told Stephen to "go back to Africa". Also on November 9, 2003, Timothy called Roshawne Hall a "monkey" and proceeded to dance around like a monkey. On November 24, 2003, Timothy told Stephen to "lick his boot" and called him a "boy" after showing him his middle finger. We have police reports to substantiate our allegations.
 {¶ 10} 3. OCRC's notification informed the Roschs that they had two options with respect to the Halls' charge. Those options were: (1) alternative dispute resolution, or (2) an OCRC investigation.
 {¶ 11} 4. According to the complaint, on or about March 8, 2004, OCRC issued a subpoena commanding that the Roschs appear before the OCRC on March 17, 2004, to testify regarding the matter under investigation. According to the complaint, at the request of the Roschs' counsel, the hearing was continued.
 {¶ 12} 5. According to the complaint, OCRC is without jurisdiction to proceed further on the Halls' charge because allegedly R.C. 4112.02(H)(12) "patently and unambiguously does not apply to the facts of this case." (Paragraph 5 of the complaint.)
 {¶ 13} 6. On April 9, 2004, OCRC moved to dismiss this action on grounds that relators' complaint fails to state a claim upon which relief in prohibition can be granted. Relators oppose the motion.
Conclusions of Law:
 {¶ 14} It is the magistrate's decision that this court grant respondent's motion to dismiss this action for the failure of the complaint to state a claim upon which relief in prohibition can be granted.
 {¶ 15} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff/relator can prove no set of facts entitling him or her to recover. O'Brien v. Univ. Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242.
 {¶ 16} A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions.State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70, 73. In other words, the purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction. Id.
 {¶ 17} A writ of prohibition "tests and determines `solely and only' the subject matter jurisdiction" of the lower court or administrative tribunal. State ex rel. Eaton Corp. v. Lancaster (1988), 40 Ohio St.3d 404,409; State ex rel. Staton v. Franklin Cty. Common Pleas Court (1965),5 Ohio St.2d 17, 21; Tubbs Jones, supra, at 73.
 {¶ 18} As a general rule, in order for a writ of prohibition to issue, the relator must prove that: (1) the lower court is about to exercise judicial authority, (2) the exercise of authority is not authorized by law, and (3) the relator has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. State exrel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 178.
 {¶ 19} If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court. State ex rel. Adams v. Gusweiler (1972),30 Ohio St.2d 326, 329.
 {¶ 20} R.C. 4112.04 sets forth OCRC's powers and duties. R.C.4112.04(A)(6) provides that OCRC shall "[r]eceive, investigate, and pass upon written charges made under oath of unlawful discriminatory practices." R.C. 4112.04(B)(3) provides that OCRC may:
Hold hearings, subpoena witnesses, compel their attendance, administer oaths, take the testimony of any person under oath, require the production for examination of any books and papers relating to any matter under investigation or in question before the commission * * *.
 {¶ 21} R.C. 4112.05(B)(1) provides that "[a]ny person may file a charge with the commission alleging that another person has engaged or is engaging in an unlawful discriminatory practice."
 {¶ 22} R.C. 4112.05(B)(2) provides that, "[u]pon receiving a charge, the commission may initiate a preliminary investigation to determine whether it is probable that an unlawful discriminatory practice has been or is being engaged in."
 {¶ 23} R.C. 4112.05(B)(4) provides that, "[i]f the commission determines after a preliminary investigation * * * that it is not probable that an unlawful discriminatory practice has been or is being engaged in, it shall notify any complainant * * * that it has so determined and that it will not issue a complaint in the matter. If the commission determines after a preliminary investigation * * * that it is probable that an unlawful discriminatory practice has been or is being engage in, it shall endeavor to eliminate the practice by informal methods of conference, conciliation, and persuasion."
 {¶ 24} R.C. 4112.05(B)(5) provides that, if OCRC fails to effect the elimination of an unlawful discriminatory practice by informal methods of conference, conciliation, and persuasion, it shall issue a complaint stating the charges involved and containing a notice of an opportunity for a hearing.
 {¶ 25} R.C. 4112.05(G) provides that, if the OCRC determines, based upon reliable, probative, and substantial evidence presented at a hearing, that the respondent has engaged or is engaging in any unlawful discriminatory practice, it shall issue an order requiring the respondent to cease and desist from the unlawful discriminatory practice and requiring the respondent to take any further affirmative action to effectuate the purposes of R.C. Chapter 4112.
 {¶ 26} R.C. 4112.06(A) provides that any complainant or respondent claiming to be aggrieved by a final order of the OCRC may obtain judicial review in a proceeding brought in the common pleas court within any county where the unlawful discriminatory practice which is the subject of the order was committed or where any respondent resides or transacts business. The common pleas court has the power to grant such temporary relief, restraining order or other order as it deems just and proper. R.C. 4112.06(B). The common pleas court has the power to enter an order enforcing, modifying and enforcing, or setting aside in whole or in part, the order of the OCRC or remanding for further proceedings. R.C.4112.06(B). The jurisdiction of the common pleas court is exclusive and its judgment is final subject to appellate review. R.C. 4112.06(F).
 {¶ 27} In prior prohibition actions against the OCRC, the Supreme Court of Ohio has noted that, for a writ of prohibition to issue, the court must find that the OCRC is about to exercise unauthorized quasi-judicial power that will cause injury for which no other adequate remedy exists. State ex rel. Natalina Food Co. v. Ohio Civil RightsComm. (1990), 55 Ohio St.3d 98, 99; State ex rel. East ManufacturingCorp. v. Ohio Civil Rights Comm. (1992), 63 Ohio St.3d 179, 180. The court may grant a writ of prohibition if a quasi-judicial tribunal, such as the OCRC, patently and unambiguously lacks jurisdiction despite the relator having an adequate remedy at law. Id. However, if the OCRC has basic statutory jurisdiction to proceed in the case, the court will not grant the writ. Id.
 {¶ 28} Here, respondent argues that relators cannot meet any of the three requirements for the issuance of a writ of prohibition. Respondent argues that: (1) the OCRC has not and is not about to exercise quasi-judicial authority because it is only conducting a preliminary investigation at this point, (2) that its exercise of authority is authorized by law, and (3) that relators have an adequate remedy at law by way of an appeal to common pleas court pursuant to R.C. 4112.06.
 {¶ 29} Here, this court need not answer OCRC's contention that relators' complaint fails to allege facts indicating that the OCRC is about to exercise quasi-judicial authority because it is clear beyond doubt that the OCRC has basic statutory jurisdiction to proceed in the case, based upon the allegations of the complaint.
 {¶ 30} R.C. 4112.05 vests the OCRC with the power to initiate a preliminary investigation to determine whether it is probable that an unlawful discriminatory practice has been or is being engaged in. In essence, relators' complaint alleges that the OCRC is conducting the R.C. 4112.05 preliminary investigation that was prompted by the Halls' filing of a charge. Relators' complaint does not allege that the OCRC has as yet determined whether it is probable that an unlawful discriminatory practice has been or is being engaged in. Thus, OCRC has not issued a complaint in this matter. It is thus conceivable that OCRC might determine to not issue a complaint. Clearly, OCRC has basic statutory jurisdiction to proceed under the circumstances alleged in relators' complaint filed in this action.
 {¶ 31} In their memorandum in opposition to the motion to dismiss, relators argue that the Halls' sworn factual statement cannot support an unlawful discriminatory practice within the meaning of the statutory scheme. In effect, relators are asking this court to pre-empt OCRC's jurisdiction to make its own factual and legal findings that will follow upon completion of its preliminary investigation. A prohibition action does not lie for such purpose.
 {¶ 32} Accordingly, it is the magistrate's decision that this court grant respondent's April 9, 2004 motion to dismiss this action on grounds that relators' complaint fails to state a claim upon which relief in prohibition can be granted.