JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Beauty Max, L.L.C. ("Beauty Max"), appeals from a judgment of the Cuyahoga County Court of Common Pleas granting defendants-appellees' Civ.R. 60(B) motion for relief from default judgment. For the following reasons, we affirm.
 {¶ 2} On February 9, 2006, Beauty Max filed a complaint against WBUY TV, WBUY Television, L.L.C. ("WBUY"), Keith Phillips, and Toby Zacks (collectively known as "defendants") for breach of contract and fraud. In the complaint, Beauty Max alleged that it entered into a contract with defendants in November 2005, in which defendants were required to produce and air two commercials for Beauty Max, but defendants failed to do so. Beauty Max demanded, at a minimum, $132,672.00 for compensatory damages, and $500,000 for punitive damages.
 {¶ 3} In the complaint, Beauty Max listed the same address for all defendants, which was the address of WBUY, in Orangeburg, New York. Service was *Page 3 
completed, by certified mail, for Phillips, WBUY TV, and WBUY on February 22, 2006. Service was completed, by certified mail, for Zacks on February 23, 2006. The docket indicates that all the certified mail return receipts were signed by "other."
 {¶ 4} On March 28, 2006, Beauty Max filed a motion for default judgment, claiming that defendants, although duly served with summons, had failed to plead or otherwise defend the matter. The trial court set the matter for hearing on May 2, 2006, ordering Beauty Max to bring a proposed journal entry to the hearing, an affidavit of damages, and a copy of the letter Beauty Max sent to defendants, informing them of the hearing, and that a judgment against them may be rendered if they failed to appear.
 {¶ 5} The docket does not indicate what occurred at the May 2, 2006 default judgment hearing. The trial court, however, scheduled a second default hearing for June 5, 2006, ordering Beauty Max to bring the same documents that it was ordered to bring to the first hearing, except specifying that Beauty Max should bring copies of certified letters it sent to the defendants, notifying them of the hearing, as well as receipts.
 {¶ 6} On June 8, 2006, the trial court granted default judgment to Beauty Max in the amount of $157,672, plus interest at the rate of six percent from May 12, 2005, and costs. *Page 4 
 {¶ 7} On July 7, 2006, defendants moved for Civ.R. 60(B) relief from default judgment.[1] That same day, defendants also filed a notice of appeal of the June 8, 2006 default judgment.
 {¶ 8} On July 17, 2006, Beauty Max filed a motion to strike defendants' Civ.R. 60(B) motion, or in the alternative, a brief in opposition to it.
 {¶ 9} The trial court stated in a July 28, 2006 entry that Beauty Max's July 17, 2006 motion to strike, or in the alternative, brief in opposition, was moot; defendants' July 7, 2006 motion for relief from judgment was moot; and "case in the court of appeals."
 {¶ 10} On August 3, 2006, this court granted defendants' motion to remand the appeal to the trial court for thirty days for the limited purpose of reviewing the Civ.R. 60(B) motion. On August 15, 2006, the trial court granted defendants' motion for relief from default judgment.[2]
 {¶ 11} On August 28, 2006, Beauty Max filed a notice of appeal from the August 15, 2006 judgment, raising the following assignments of error: *Page 5 
 {¶ 12} "[1.] The trial court was without authority to purportedly grant the appellees' motion for relief from judgment on August 15, 2006 after it denied appellees' motion for relief from judgment on July 28, 2006.
 {¶ 13} "[2.] The trial court abused its discretion when it granted the appellees' motion for relief from judgment."
 {¶ 14} In its first assignment of error, Beauty Max argues that the trial court was not authorized to grant defendants relief from judgment after it first denied the motion as moot. After a review of the record, it is clear that the trial court did not err.
 {¶ 15} Defendants timely filed their motion for relief from default judgment within thirty days of the trial court's judgment. They filed their notice of appeal from the same judgment on the same day that they filed their motion for relief from judgment.[3] We point out that defendants had to file their notice of appeal that day, since a motion for relief from judgment "does not affect the finality of a judgment or suspend its operation." Civ.R. 60(B). If they would not have done so, they would have forfeited their right to appeal.
 {¶ 16} Further, it is well-established that once a notice of appeal is filed, the trial court no longer has jurisdiction over the case.State ex rel. East Mfg. Corp. v. Ohio Civil Rights Comm. (1992),63 Ohio St.3d 179, 181. In its July 28, 2006 entry, *Page 6 
the trial court stated the motions were moot and "case in the court of appeals." The trial court never denied the motion for relief from default judgment, as Beauty Max contends, it simply did not have jurisdiction to rule on it at that point.
 {¶ 17} This court's local rules, however, provide a procedural mechanism for the court of appeals to remand the case to the trial court to rule on an outstanding Civ.R. 60(B) motion. Loc.R. 4(A) provides: "[i]f a motion for relief from judgment or order under Civ.R. 60(B) is pending in the trial court and an appeal from the same judgment is also pending, a party may move this court, for good cause shown, to remand the matter to the trial court for a ruling on the motion for relief from judgment." See, also, Howard v. Catholic Social Services (1994),70 Ohio St.3d 141, 147 (reviewing court may remand the matter to trial court, conferring limited jurisdiction, to consider a pending Civ.R. 60(B) motion).
 {¶ 18} Thus, the trial court was acting with authority when it granted defendants relief from judgment, pursuant to a remand by this court to do just that. Accordingly, Beauty Max's first assignment of error is without merit.
 {¶ 19} In its second assignment of error, Beauty Max contends that the trial court abused its discretion when it granted defendants relief from default judgment.
 {¶ 20} A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and thus, the court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. Giffey v. Ragan *Page 7 
(1987), 33 Ohio St.3d 75; Colley v. Bazell (1980), 64 Ohio St.2d 243;GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146. An abuse of discretion is more than an error of law or judgment by the trial court; its decision must be unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 21} Parties may prevail under a Civ.R. 60(B) motion only upon demonstrating three requirements: (1) the motion was timely; (2) they have a meritorious defense or claim to present if relief is granted; and (3) they are entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). GTE, supra, paragraph two of the syllabus. If the motion is timely and the party has a meritorious defense, then any doubt should be resolved in favor of the motion to set aside the judgment so that the case may be decided on its merits. Id., paragraph three of the syllabus.
 {¶ 22} The trial court abuses its discretion if it grants relief in a case where the movant has not demonstrated all three factors in its motion. State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152, 154. If, however, the materials submitted by the parties clearly establish that the movant is entitled to relief, then the motion should be granted. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20. Based on our review of the record in the case sub judice, Beauty Max failed to demonstrate that the trial court abused its discretion by granting the Civ.R. 60(B) motion. *Page 8 
 {¶ 23} There is no doubt here that defendants' Civ.R. 60(B) motion was timely, and Beauty Max does not argue that it was not timely. Defendants-appellees filed the motion within thirty days of the trial court's judgment.
 {¶ 24} As for the second prong, Beauty Max also does not contend that defendants have not presented a meritorious defense or claim. Under this prong, movants do not need to prove they would prevail on the merits of their claim. Rather, they are required only to allege a meritorious claim or defense. Volodkevich v. Volodkevich (1988), 35 Ohio St.3d 152,154; see, also, Colley, supra.
 {¶ 25} Briefly, defendants have alleged several meritorious defenses and claims. Zacks stated, in an affidavit attached to defendants' Civ.R. 60(B) motion, that he was an original officer of WBUY when it was incorporated in 2002. He resigned from the company, however, in January 2004. He never received notice of the complaint until after the default judgment had been entered against him. Phillips confirms Zacks' claims, stating he never mailed the complaint to Zacks, since Zacks was no longer an officer for WBUY.
 {¶ 26} In addition, WBUY asserts that it fulfilled its contractual obligations, and that it was Beauty Max who did not carry out its obligations. WBUY further claims that under the contract, the parties agreed that any dispute "shall lie exclusively in the courts of Rockland County, New York." *Page 9 
 {¶ 27} The crux of this appeal is whether defendants have met the third prong of the GTE test, specifically whether its neglect in the matter was excusable within the meaning of Civ.R. 60(B)(1).
 {¶ 28} Phillips averred, in an affidavit attached to defendants' Civ.R. 60(B) motion, that when he received the complaint, he did not notify Zacks because Zacks had not been an officer at WBUY since before WBUY contracted with Beauty Max, and thus, Phillips did not believe Zacks to be liable. In addition, Phillips stated that he intended to obtain counsel on behalf of all defendants.
 {¶ 29} Phillips further stated that he immediately discussed, with his New York attorney, the complaint and obtaining representation in Ohio. Phillips stated that he believed his attorney would retain Ohio counsel and his attorney believed Phillips would. Phillips stated that subsequent to that, he attempted to reach his attorney numerous times to discuss the matter, but his attorney had been out of the office seventy-five percent of that time due to an illness that he had recently been diagnosed with. Phillips did not learn that Ohio representation had not been retained until he received notice of the default judgment.
 {¶ 30} Thomas Zugibe, an attorney for Ferraro Zugibe, WBUY's New York counsel, stated in an affidavit attached to defendants' Civ.R. 60(B) motion, that Phillips forwarded the complaint to him. He said that he immediately contacted Beauty Max's counsel and explained that they were in the process of locating local counsel in Ohio to handle the case. Zugibe averred that his firm located a local firm *Page 10 
and provided it to defendants. Zugibe then stated, "it appears that we did not clearly emphasize to the Defendants that they should contact Aggers, Joseph, and Cheverine for the purpose of retaining them to interpose an Answer to the Complaint. Unfortunately, our communication may have been somewhat confusing leaving the impression that this firm would arrange for representation in the State of Ohio and that no further action on their part was required."
 {¶ 31} Beauty Max contends that defendants' actions, or lack thereof, were not "excusable neglect" because they were "a definitive example of, `a disregard for the judicial system and the rights of the plaintiff.'"
 {¶ 32} The interpretation of "excusable neglect" must be performed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed. Colley, supra, at 248. There is no bright-line test to determine whether a party's neglect was excusable or inexcusable, but instead the analysis will turn on the facts and circumstances presented in each case. Id. at 249. The Ohio Supreme Court, however, has "defined `excusable neglect' in the negative and has stated that the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'"Kay, quoting GTE, supra, at 153. Further, in making this determination, we are mindful that Civ.R. 60(B) constitutes an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done." Id. at 248. *Page 11 
 {¶ 33} In Kay, plaintiff filed a complaint against defendant in November 1993 and received a default judgment in February 1994 for $181,000. When defendant received the complaint, he forwarded it to his attorney. The attorney drafted an answer and gave it to his secretary to file with the court, and serve the plaintiff. Due to confusion caused by the firm's reorganization, however, the secretary inadvertently placed the answer in the file drawer, rather than mail it to the court and plaintiff. The Supreme Court held that the defendant had alleged sufficient operative facts, supported by affidavits, tending to show "excusable neglect," and thus, the trial court had abused its discretion when it denied relief from default judgment. Id. at 20-21.
 {¶ 34} We conclude that this case is similar to Kay. Defendants timely filed a Civ.R. 60(B) motion within thirty days of the default judgment against them, asserting several meritorious defenses, as well as reasons why they did not defend the case, which amounted to "excusable neglect." Thus, in light of the fact that Civ.R. 60(B) should be construed liberally and the fact that cases should be decided on their merits, we conclude that the trial court did not abuse its discretion when it granted defendants' motion for relief from judgment. Beauty Max's second assignment of error is not well-taken.
 {¶ 35} Accordingly, the judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellees recover from appellant costs herein taxed. *Page 12 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., and ANN DYKE, J., CONCUR
[1] WBUY, WBUY TV, and Phillips filed a separate Civ.R. 60(B) motion from Zacks. However, since the same affidavits were attached for both motions, we will treat them as one motion for ease of analysis.
[2] This court subsequently dismissed defendants' appeal, Cuyahoga App. No. 88412.
[3] Although the Cuyahoga County Clerk of Courts does not specify the time on its "received for filing" stamp, both Beauty Max and defendant-appellees assert that the notice of appeal was filed after the motions for relief from judgment were filed. *Page 1