HARBOR PARK MARINAS, INC., APPELLEE, *v.* OHIO CIVIL RIGHTS COMMISSION, APPELLANT.

(No. OT-78-17—Decided December 1, 1978.)

*Messrs. Kline & Corogin* and *Mr. Thomas L. Corogin,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Richard D. Letts,* for appellant.

BROWN, J. This appeal is by defendant, the Ohio Civil Rights Commission, from a judgment of the Ottawa County Common Pleas Court, setting aside the order of the Ohio Civil Rights Commission issued on June 14, 1977, and granting a judgment in favor of Harbor Park Marinas, Inc.

In 1975, Mr. and Mrs. Robert Charles, Caucasians, filed an affidavit with the Ohio Civil Rights Commission, alleging that plaintiff, Harbor Park Marinas, Inc., had unlawfully discriminated in housing on the basis of race and color, in that plaintiff had denied Mr. and Mrs. Robert Charles the right to sell their property to prospective buyers, a black couple.

After an investigation of that charge, a finding of probable cause, and a failure of conciliation, the Ohio Civil Rights Commission issued a complaint in accordance with R. C. 4112.05(B), alleging a violation by plaintiff of R. C. 4112.02(H). Plaintiff answered, denying the substantive violation and the efforts of the commission to eliminate the alleged violation by the informal means of conference, conciliation and persuasion.

Thereafter, a public hearing was convened before the Ohio Civil Rights Commission. The hearing examiner submitted his opinion, together with recommendations, to the commission. Plaintiff filed objections to the hearing examiner's report and recommendations.

On June 14, 1977, the commission issued its findings of fact, conclusions of law and order. The order stated, *inter alia:*

"It is ordered that Respondent corporation shall, within ten (10) days after the effective date of this order, send a certified letter to the Complainants, Mr. and Mrs. Charles, giving notice that Respondent has ceased any and all efforts to exercise an option to buy the real estate and permanent improvement located at 5568 East Farrow Avenue, Catawba Island, also known as Lot #1 of Harbor Park Marinas, Inc., Plot #1."

Plaintiff filed a timely appeal from the commission order to the Ottawa County Common Pleas Court.

The Common Pleas Court set aside the commission order solely on the failure of the commission to make conciliation efforts with plaintiff, as required by R. C. 4112.05(A). The court held as follows:

"1. All of the objections raised by Respondent against the commission Order are found to be not well-taken, excepting the one regarding conciliation which is discussed hereinafter.

"It was prejudicial error not to admit and consider Respondent's Exhibit A as it pertained to the jurisdictional prerequisite of conciliation herein and, accordingly, when considered in conjunction with the weak proof as to other conciliation efforts by the Ohio Civil Rights Commission, the Court finds and rules, as to the conciliation issue only, that the jurisdictional finding of the commission is not supported by reliable, probative and substantial evidence."

The commission's two assignments of error are:

"1. The Common Pleas Court erred in its ruling that the Commission's effort at conciliation did not meet the jurisdictional requirement because it was not supported by reliable, probative and substantial evidence.

"2. The Common Pleas Court erred in holding that it was prejudicial not to admit and consider Respondent's Exhibit A (a conciliation proposal) as it pertained to the jurisdictional prerequisites of conciliation."

The first assignment of error is well taken. Any error contained in the second assignment of error is harmless. We reverse.

The requirement concerning conciliation efforts by the Ohio Civil Rights Commission is set forth in R. C. 4112.05, as follows:

"(A) The Ohio civil rights commission shall, as provided in this section, prevent any person from engaging in unlawful discriminatory practices, as defined in sections 4112.02 and 4112.021 [4112.02.1] of the Revised Code, provided that before instituting the formal hearing authorized by this section it shall attempt, by informal methods of persuasion and conciliation, to induce compliance with Chapter 4112 of the Revised Code.[1]

[1] Also relevant to the duty of the commission to undertake conciliation efforts is the following portion of R. C. 4112.05(B):

"(B) ***If, after such investigation and conference, the commission is satisfied that any unlawful discriminatory practice of the respondent will be eliminated, it may treat the complaint as conciliated, and entry of such disposition shall be made on the records of the commission. If the commission fails to effect the elimination of such unlawful discriminatory practices and to obtain voluntary compliance with Chapter 4112 of the Revised Code, or, if the circumstances warrant, in advance of any such preliminary investigation or endeavors *** the commission shall issue and cause to be served upon any person or respondent a complaint stating the charges in that respect and containing a notice of hearing before the commission ***."

The guidelines, to constitute sufficient conciliation efforts by the commission for compliance with R. C. 4112.05(A) and (B), are these. The commission must make a preliminary investigation to ascertain whether unlawful discriminatory practices exist or were engaged in; if such investigation results in an affirmative finding by the commission, it "shall endeavor to eliminate such practices by informal methods of conference, conciliation, and persuasion." Such conciliation efforts must be undertaken by the commission in good faith and must be completed and unsuccessful in eliminating the discriminatory practices, as a jurisdictional prerequisite to the issuance of a complaint by the commission pursuant to R. C. 4112.05(B). *State, ex rel. Republic Steel Corp.*, v. *Ohio Civil Rights Comm.* (1975), 44 Ohio St. 2d 178. Cf. *Equal Employment Opportunity Comm.* v. *Guaranty Savings and Loan Assn.* (C.A.5, 1977), 561 F. 2d 1135; *Equal Employment Opportunity Comm.* v. *T. Marzetti Co.* (S.D. Ohio 1976), 411 F. Supp. 1036, 1039.

The record before the commission reveals that the commission fully and adequately fulfilled these guidelines and

"Whenever it is charged in writing and under oath by a person, referred to as the complainant, that any person, referred to as the respondent, has engaged or is engaging in unlawful discriminatory practices, or upon its own initiative in matters relating to any of the unlawful discriminatory practices enumerated in division (A), (B), (C), (D), (E), (F), (I), or (J) of section 4112.02, or section 4112.021 of the Revised Code, the commission may initiate a preliminary investigation.***If it determines after such investigation that it is probable that unlawful discriminatory practices have been or are being engaged in, it shall endeavor to eliminate such practices by informal methods of conference, conciliation, and persuasion."

statutory requirements. Beth Charlesworth, a commission representative, gave twenty-six pages of testimony concerning extensive conciliation efforts with the plaintiff, stating that the commission received no cooperation from the plaintiff and that the conciliation efforts were unsuccessful in eliminating the discriminatory practices described in the complaint.

With reference to the exclusion from evidence of plaintiff's Exhibit A, which the commission alleged in its second assignment of error was properly excluded, the exclusion was harmless. The crucial issue before the commission and the Common Pleas Court was whether plaintiff had discriminated in housing on the basis of race by denying Mr. and Mrs. Charles the right to sell their property to a black couple. The exclusion of the initial commission conciliation proposal contained in plaintiff's Exhibit A did not in any way affect the decisive issue in this case.[2]

Accordingly, the judgment of the Ottawa County Common Pleas Court is reversed and the order of the court, vacating and setting aside the final order of the commission, is vacated. The original order of the commission is reinstated.

*Judgment reversed.*

POTTER, P. J., and WILEY, J., concur.

WILEY, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

---

[2] Moreover, the exclusion of Exhibit A is authorized by statute; R. C. 4112.05(B) provides, in part: "Nothing said or done during such [conciliation] endeavors shall be disclosed by any member of the commission or its staff or be used as evidence in any subsequent proceeding."