Relator, Donald M. Wright, seeks a writ of prohibition in order to prevent the respondent, Registrar, Ohio Bureau of Motor Vehicles, from enforcing an administrative suspension of the relator's driving privileges. The facts pertinent to this original action are as follows:
1) On December 21, 1998, the relator, pursuant to R.C.4509.101 and Ohio Adm. Code 4501:1-2-08, mailed to the relator a notice which required proof of financial responsibility;
2) The notice of December 21, 1998, provided that within twenty-one days, the relator was required to demonstrate financial responsibility or otherwise provide proof that the relator's motor vehicle was exempt;
3) The relator failed to provide the respondent with proof of financial responsibility or exemption;
4) On or about February 5, 1999, the relator received notice that his driving privileges would be suspended for a period of ninety days, effective, February 24, 1999, as a result of failing to demonstrate financial responsibility or the existence of an exemption;
5) On February 23, 1999, the relator filed a complaint for a writ of prohibition and an application for an alternative writ of prohibition;
6) On February 24, 1999, this Court granted the relator's application for an alternative writ and ordered that the suspension of the realtor's driving privileges be stayed;
7) On March 8, 1999, the respondent filed a motion to dismiss;
8) On March 17, 1999, the relator filed a brief in opposition to the respondent's motion to dismiss.
For the following reasons, this Court grants the respondent's motion to dismiss.
A two-part test must be employed by this Court in order to determine whether a writ of prohibition should be issued. Stateex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179; Dayton Metro. Hous. Auth. v. Dayton Human RelationsCouncil (1992), 81 Ohio App.3d 436. Initially, we must determine whether the respondent patently and uambiguously lacks jurisdiction to proceed. The second step involves the determination of whether the relator possesses an adequate remedy at law. State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.
(1990), 55 Ohio St.3d 98.
In the case sub judice, we find that respondent does not patently and unambiguously lack jurisdiction to suspend the realtor's driving privileges. R.C. 4509.101 (A) and Ohio Adm. Code 4501:1-2-08 provide that the respondent may impose a driver's license suspension on a licensee who has failed to demonstrate proof of financial responsibility or the existence of an exemption.
R.C. 4509.101 (A) (3) (c) provides that:
 (3) A person to whom this state has issued a certificate of registration for a motor vehicle or a license to operate a motor vehicle or who is determined to have operated any motor vehicle or permitted the operation in this state of a motor vehicle owned by the person shall be required to verify the existence of proof of financial responsibility covering the operation of the motor vehicle or the person's operation of the motor vehicle under any of the following circumstances:
* * *
 (C) Whenever, in accordance with rules adopted by the registrar, the person is randomly selected by the registrar and requested to provide such verification.
In addition, Ohio Adm. Code 4501:1-2-08 proves in pertinent part that:
 (A) The registrar of motor vehicles shall send a written notice by regular mail to the owner of each vehicle randomly selected in accordance with rule 4501:1-2-08 of the Administrative Code. * * * The notice shall inform the owner of the methods and procedures for submitting proof of financial responsibility coverage and shall specify that the proof of financial responsibility shall be submitted within twenty-one days of the mailing of the notice. * * *.
 (B) The owner may submit evidence to show that the vehicle subject to the registrar's notice is exempt because the vehicle is leased, the vehicle is used on a seasonal basis only and the date selected by the registrar is out of season for that vehicle, the vehicle is inoperable or has been out of service for a period of at least thirty days, or the vehicle is exempt for any other reasons, the registrar may prescribe. * * *.
 (C) If the owner of a vehicle randomly selected pursuant to rule 4501:1-2-07 of the Administrative Code, within twenty-one days of the mailing of the notice, fails to respond to the notice, fails to give acceptable evidence that the vehicle is exempt, or fails to give acceptable proof of financial responsibility, the registrar shall order the suspension of the license of the person * * * effective thirty days after the date of the mailing of the notification * * *. The person, within fifteen days after the date of the mailing notification, shall present proof of financial responsibility, submit evidence showing that the vehicle is exempt, together with any other information the person considers appropriate, or surrender the certificate of registration, license plates, and license to the registrar.
* * *
 (E) In the case of a person who presents, within the fifteen day period, documents to show proof of financial responsibility, the registrar shall terminate the order of suspension and the impoundment of the registration. * * *.
 (F) Any person adversely affected by the order of the registrar, within ten days after the issuance of the order, may request an administrative hearing before the registrar, who shall provide the person with an opportunity for a hearing in accordance with this paragraph.
Clearly, the respondent did not patently and unambiguously lack jurisdiction to suspend the driving privileges of the relator.State ex rel. Republic Steel Corp. v. Ohio Civil Rights Comm.
(1975), 44 Ohio St.2d 178. In addition, the relator possesses or did possess an adequate remedy at law. The relator possessed the opportunity to avail himself of the hearing process which is contained within R.C. 4509.101 (A) and Ohio Adm. Code 4501:1-2-08. Finally, the relator possesses or did possess the ability to appeal the respondent's decision to the Court of Common Pleas as provided through R.C. 119.12 and R.C. 4509.101. State ex rel.State Farm Mut. Auto. Ins. Co. v. Ohio Civil Rights Comm. (1983),6 Ohio St.3d 426.
Accordingly, we grant the respondent's motion to dismiss. In addition, the alternative writ, as granted by this Court on February 24, 1999, is vacated. Sua sponte, the administrative decision of the respondent, which suspended the relator's driving privileges, is stayed for a period of forty-five days from the date of journalization of this judgment entry. Costs to relator.
Writ dismissed.
KARPINSKI, J., and TIMOTHY E. McMONAGLE, J., CONCUR.
 _____________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE