{¶ 1} This action arises out of post-decree proceedings in SuzanneM. Rodkey v. Mark L. Rodkey, Cuyahoga County Court of Common Pleas Case No. D-262671, which is assigned to respondent judge. Relator Lutton is married to Suzanne M. Rodkey, the plaintiff-wife in Case No. D-262671.
 {¶ 2} In a journal entry received for filing on October 16, 2002, respondent granted the motion of defendant-father, Mark L. Rodkey, to compel Suzanne M. Rodkey and relator, Douglas Lutton, to submit to psychological examinations. Lutton contends that respondent is without jurisdiction to compel him to submit to a psychological examination and he requests that this court issue a writ of prohibition preventing respondent from enforcing her order.
 {¶ 3} Respondent has filed a motion to dismiss, attached to which is a copy of a journal entry issued by respondent and received for filing on November 14, 2002 (after Lutton filed this action) in which respondent:
1. found that both parents had remarried;
2. found both stepparents "have significant interaction with the minor child and have a major impact on the environment of each of the parties homes";
3. found that it was necessary that a psychologist examine both Lutton and Greta Rodkey, Mark L. Rodkey's wife, in order to evaluate the best interests of the child; and
4. added Lutton and Greta Rodkey as parties.
 {¶ 4} Respondent argues that dismissal is appropriate in this case despite the fact that the motion to dismiss presents matters outside the pleading. Civ. R. 12(B) and 56. A court may take judicial notice of mootness. "In fact, `an event that causes a case to be moot may be proved by extrinsic evidence outside the record.' Pewitt v. Lorain CorrectionalInst., 64 Ohio St.3d 470, 472, 1992-Ohio-91, 597 N.E.2d 92, 94." State exrel. Nelson v. Russo, 89 Ohio St.3d 227, 228, 2000-Ohio-141,729 N.E.2d 1181.
 {¶ 5} Respondent correctly notes that, in his complaint, Lutton avers that — at the time of her October 16, 2002 journal entry — he was not a party. To the extent that Lutton's complaint is based on his not having been a party, we take judicial notice of the mootness of this action because respondent issued the November 14, 2002 journal entry joining Lutton and Greta Rodkey as parties.
 {¶ 6} In his brief in opposition to the motion to dismiss, however, Lutton complains that respondent lacked the authority to join him as a party. As a consequence, he requests that this court prohibit respondent from exercising jurisdiction over him.
 {¶ 7} The criteria for the issuance of a writ of prohibition are well-established.
 {¶ 8} "In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists.State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335, 336,686 N.E.2d 267, 268." State ex rel. Wright v. Ohio Bur. of MotorVehicles, 87 Ohio St.3d 184, 185, 1999-Ohio-1041, 718 N.E.2d 908.
 {¶ 9} In Wright, supra, the Supreme Court affirmed this court's judgment in State ex rel. Wright v. Registrar, Bur. of Motor Vehicles
(Apr. 29, 1999), Cuyahoga App. No. 76044.
 {¶ 10} "A two-part test must be employed by this Court in order to determine whether a writ of prohibition should be issued. State ex rel.East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179;Dayton Metro. Hous. Auth. v. Dayton Human Relations Council (1992),81 Ohio App.3d 436. Initially, we must determine whether the respondent patently and unambiguously lacks jurisdiction to proceed. The second step involves the determination of whether the relator possesses an adequate remedy at law. State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.
(1990), 55 Ohio St.3d 98." Case No. 76044 at 3, 5.
 {¶ 11} Respondent argues that R.C. 3109.28 authorizes respondent judge to join Lutton as a party. R.C. 3109.28 provides, in part:
 {¶ 12} "If the court learns from information furnished by the parties pursuant to section 3109.27 of the Revised Code or from other sources that a person not a party to the parenting proceeding hasphysical custody of the child, claims to be a parent of the child who has parental rights and responsibilities for the care of the child and who has been designated the residential parent and legal custodian of the child, claims to be any other person with custody of the child, or claims to have parenting time rights or visitation rights with respect to the child, it shall order that person to be joined as a party and to be dulynotified of the pendency of the proceeding and of the person's joinder asa party." (Emphasis added.)
 {¶ 13} In this original action, we need not — and do not — consider the propriety of respondent's joining of Lutton as a party. Nevertheless, we cannot conclude that respondent was patently and unambiguously without jurisdiction to join him as a party to Case No. D-262671. In Callahan v. Court of Common Pleas of Pickaway Cty., JuvenileDiv., Pickaway App. No. 02CA4, 2002-Ohio-5418, Callahan — the father — filed an action in Pickaway County Court of Common Pleas, Juvenile Division, for allocation of parental rights and responsibilities. The Probate Court of Franklin County placed the child with David and Amy French pursuant to an adoption application. TheCallahan court held that the respondent juvenile court judge had authority to include the Frenchs in the underlying action and denied Callahan's request for relief in prohibition. See also Corn v. Corn
(Sept. 15, 1995), Van Wert App. No. 15-95-1 (reversing the judgment of the court of common pleas dismissing appellant-stepfather as a party in a proceeding to determine the allocation of parental rights and responsibilities regarding his stepson).
 {¶ 14} In light of R.C. 3109.28, Callahan and Corn, we cannot conclude that respondent is patently and unambiguously without jurisdiction to join Lutton as a party in Case No. D-262671. Likewise, Lutton has failed to demonstrate that appeal is not an adequate remedy. As a consequence, respondent's motion to dismiss is well-taken.
 {¶ 15} Additionally, defects in the complaint provide a sufficient basis for dismissing this action. "The complaint for an extraordinary writ must be brought by petition, in the name of the state on relation of the person applying." Ringel v. Case Western Reserve Univ., Cuyahoga App. No. 82042, 2003-Ohio-186, ¶ 7. The fact that the complaint in this action does not purport to be on relation of relator is a sufficient basis for dismissal. Id. "Relator also failed to comply with Loc. App. R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim." State ex rel. Law v. Friedman, Cuyahoga App. No. 81766, 2002-Ohio-6218, at ¶ 5-6. Failure to comply with Loc. App. R. 45(B)(1)(a) is also a sufficient basis for dismissal. Id.
 {¶ 16} Accordingly, we grant respondent's motion to dismiss. Costs assessed to relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
Writ dismissed.
JAMES J. SWEENEY, J., and DIANE KARPINSKI, J., CONCUR.