JOURNAL ENTRY AND OPINION.
{¶ 1} On April 21, 2003, Jimmy C. Chisum filed a writ of prohibition against Judge James P. Celebreeze to prohibit him from, "making any rulings or taking any actions for protecting lawyers from malpractice; and prohibit the Accused from using any secret or special meaning of terms in any ruling or order; and prohibit the accused from invading the private contract without constitutional authority or subject matter jurisdiction."
 {¶ 2} Chisum argues that Judge Celebreeze threatened unconstitutional orders and has ignored repeated requests for clarification of authority. Chisum also states that Judge Celebreeze ignored a motion to dismiss for lack of subject matter jurisdiction, motions for protective orders, and a motion to recuse. Chisum further asserts that Judge Celebreeze has demonstrated prejudice by practicing law from the bench in direct aid to plaintiff's counsel and has stated that he will make decisions based upon protecting attorneys from malpractice.
 {¶ 3} On April 30, 2003, the respondent, through the Cuyahoga County Prosecutor's Office, filed a motion to dismiss. Thereafter, Chisum filed a motion in opposition to respondent's motion to dismiss and a motion to strike the response from the Cuyahoga County Prosecutor's Office. On May 14, 2003, the respondent, through the prosecutor's office, filed a reply brief in support of the motion to dismiss and a motion in opposition to relator's motion to strike response from county prosecutor. For the following reasons, we grant the motion to dismiss.
 {¶ 4} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained in the petition are true, that the petitioner can prove no set of facts which would warrant the relief sought. State ex rel. Neff v. Corrigan (1996), 75 Ohio St.3d 12,661 N.E.2d 170. The relief sought herein is a writ of prohibition.
 {¶ 5} A two-part test must be employed by this court in order to determine whether a writ of prohibition should be issued. State ex rel.East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179,586 N.E.2d 105; Dayton Metro. Hous. Auth. v. Dayton Human RelationsCouncil (1992), 81 Ohio App.3d 436, 611 N.E.2d 384. Initially, we must determine whether the respondent patently and unambiguously lacks jurisdiction to proceed. The second step involves the determination of whether the relator possesses an adequate remedy at law. State ex rel.Natalina Food Co. v. Ohio Civ. Rights Comm. (1990), 55 Ohio St.3d 98,562 N.E.2d 1383. Finally, prohibition must be used with great caution and should not be issued in a doubtful case. State ex rel. Merion v.Tuscarawas Cty. Court of Common Pleas (1940), 137 Ohio St. 273,28 N.E.2d 641; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
 {¶ 6} After reviewing the petition, we find that Chisum failed to establish that respondent patently and unambiguously lacks jurisdiction to conduct the hearing. In the petition, Chisum claims that Judge Celebreeze committed numerous acts of judicial misconduct. Chisum, however, does not assert that the trial court does not have jurisdiction to proceed with the matter.
 {¶ 7} Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.R. 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 8} We also note that the case caption does not contain the name of the respondent or the addresses of the parties as required by Civ.R. 10(A). The Supreme Court of Ohio has ruled that such deficiencies are sufficient reason for dismissal. State ex rel. Sherrills v. The State ofOhio (2001), 91 Ohio St.3d 133, 742 N.E.2d 651.
 {¶ 9} Accordingly, we grant the respondent's motion to dismiss. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ dismissed.
 TIMOTHY E. McMONAGLE, P.J., and ANTHONY O. CALABRESE, JR., J.,concur.