[Cite as *Dimension Serv. Corp. v. First Colonial Ins. Co.*, 2014-Ohio-5108.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Dimension Service Corporation, | : | |
| Plaintiff-Appellant, | : | No. 14AP-368 |
| | | (C.P.C. No. 14CVH03-2617) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| First Colonial Insurance Company et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on November 18, 2014

*Murray Murphy Moul + Basil LLP, Joseph F. Murray, James B. Hadden* and *Robert H. Miller*, for appellant.

*Bricker & Eckler LLP, Drew H. Campbell* and *Gregory J. Krabacher*, for appellees First Colonial Insurance Company and Northbrook Indemnity Company.

*Kegler, Brown, Hill & Ritter Co., L.P.A., Thomas W. Hill* and *Robert G. Schuler*, for appellees American Colonial Administration, LLC, Masterguard Automotive Protection, LLC, First Dealer Resources, LLC, Frank L. Klaus, Chris Kerby and George C. Gaither.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiff-appellant, Dimension Service Corporation ("Dimension"), appeals the April 24, 2014 decision and judgment entry of the Franklin County Court of Common Pleas denying its motion for a preliminary injunction filed March 11, 2014, and cancelling a preliminary injunction hearing set for May 21, 2014. For the reasons that follow, we dismiss the appeal for lack of a final appealable order.

**I. Facts and Procedural History**

{¶ 2}   On March 10, 2014, Dimension filed a complaint for misappropriation of trade secrets, breach of contract, breach of fiduciary duty, and tortious interference. Dimension alleged that all the defendants in this action, but in particular American Colonial Administration LLC, Masterguard Automotive Protection LLC ("MGA"), First Dealer Resources LLC ("FDR"), Frank L. Klaus, Chris Kerby, and George C. Gaither (collectively referred to as the "Klaus Defendants"), misappropriated trade secrets, set up a rival vehicle service contract ("VSC") business unfairly competing with Dimension, and proceeded to steal Dimension's customers.

{¶ 3}   VSCs  are extended warranty programs on vehicles.  Auto dealers who sell VSC products to consumers as part of vehicle sales are the customers Dimension alleges the defendants stole.

{¶ 4}   On March 11, 2014, Dimension filed a motion for a temporary restraining order and preliminary injunction requesting, among other things, an order requiring the defendants to return what they allegedly wrongfully stole and enjoining them from further wrongful competition or unlawfully using Dimension's property or information.

{¶ 5}   The next day, the trial court met with counsel to discuss the request for a temporary restraining order.  After discussion, the trial court denied the motion for a temporary restraining order, but decided to give Dimension a chance to present more evidence as to its request for a preliminary injunction.  The trial court then set the matter for a hearing to take place on May 21, 2014.

{¶ 6}   While preparing for the hearing, the parties developed significant problems with discovery.  The trial court brought the parties in for an informal discovery conference.  After discussion, the court concluded that under no set of circumstances could Dimension satisfy the legal requirements for an injunction.  Accordingly, the trial court cancelled the hearing and issued a decision denying the motion for a preliminary injunction stating that:  (1) Dimension had failed to show that it possessed a substantial likelihood of success on the merits; (2) it failed to show that its injuries were irreparable; (3) it failed to show that no third parties would be harmed by an injunction; and (4) an injunction was not in the public interest.

{¶ 7}   Dimension appealed, assigning the following as error:

1. The trial court deprived Plaintiff of procedural due process in denying the Motion for Preliminary Injunction without holding the hearing it ordered.

2. The trial court abused its discretion in denying the Motion for Preliminary injunction, which is meritorious on its face, without holding a hearing.

3. The trial court abused its discretion in denying the Motion for Preliminary Injunction in reliance upon a set of facts that cannot be found anywhere in the limited factual record.

## II. Motion to Dismiss for Lack of a Final Appealable Order

{¶ 8}   Appellees filed a motion to dismiss for lack of jurisdiction on the basis that the trial court's April 24, 2014 decision was not a final appealable order under R.C. 2505.02.

{¶ 9}   Article IV, Section 3(B)(2) of the Ohio Constitution limits an appellate court's jurisdiction to the review of lower courts' final orders. Thus, an order must be final before an appellate court has jurisdiction to review it. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶ 10}   R.C. 2505.02(B) defines a final order and provides, in pertinent part:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

* * *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 11} A preliminary injunction is considered a provisional remedy pursuant to R.C. 2505.02(A)(3).

{¶ 12} In *Union Twp. v. Union Twp. Professional Firefighters' Local 3412*, 12th Dist. No. CA99-08-082 (Feb. 14, 2000), the court, in discussing injunctive relief, stated:

> It is within the trial court's discretion to make a reasonable determination whether an adequate remedy at law is available or whether irreparable injury will result to the movant if no injunction is issued. Dayton Metro. Hous. Auth. v. Dayton Human Rel. Council (1992), 81 Ohio App.3d 436, 442, 611 N.E.2d 384, jurisdictional motion overruled, 65 Ohio St.3d 1457, 602 N.E.2d 253. 'Irreparable harm' is defined as an injury 'for the redress of which, after its occurrence, there could be no plain, adequate and complete remedy at law, and for which restitution in specie (money) would be impossible, difficult or incomplete.' Cleveland v. Cleveland Elec. Illum. Co. (1996), 115 Ohio App.3d 1, 12, 684 N.E.2d 343, appeal dismissed (1997), 48 Ohio St.3d 1419.

{¶ 13} A plaintiff who proves a misappropriation of a trade secret is not automatically entitled to an injunction. "Despite some lowering of the barriers to injunctive relief, Ohio's Trade Secrets Act leaves the granting of such relief to the discretion of the trial court." *Columbus Steel Castings Co. v. Alliance Castings, L.L.C.*, 10th Dist. No. 11AP-351, 2011-Ohio-6826, ¶ 63. Nor does an order denying a preliminary injunction automatically qualify as a final appealable order. *N. Fairfield Baptist Church v. G129, L.L.C.,* 12th Dist. No. CA2009-11-281, 2010-Ohio-2543, ¶ 16. If an order is not final and appealable, the appellate court has no jurisdiction to review the matter being appealed and it must be dismissed. *East Galbraith Nursing Home, Inc. v. Ohio Dept. of Job and Family Servs.*, 10th Dist. No. 01AP-1228, 2002-Ohio-3356, ¶ 17.

{¶ 14} Here, the trial court had before it the affidavit of defendant George Gaither, the National Sales Manager for MGA. Gaither related that the Klaus Defendants set up a rival VSC business, and over the course of 14 months between October 2012 and January 1, 2014, the automobile dealerships began moving their business from Dimension. Dimension was aware of the dealers moving their business, but did nothing to stop the flow of business to the Klaus Defendants during this period.

{¶ 15} These facts are echoed in the Verified Complaint filed in this action. Dimension alleged that in 2012, defendant MGA and defendant FDR were producing on average over 2,500 VSCs per month for Dimension, and in January 2013, they produced

almost 2,600 VSCs for Dimension. Then, according to the complaint, "[i]n February 2013, MGA and FDR diverted over 900 of those VSCs to [the rival business], reducing their production for Dimension to only 1,685 VSCs for the month. The monthly diversion remained fairly consistent until late 2013, at which time it again accelerated, reducing the production of VSC sales by MGA and FDR on behalf of Dimension to approximately 800 in December 2013 and to only a trickle in January 2014." (Verified Complaint, at ¶ 64-65.)

{¶ 16} In its decision, the trial court indicated that Dimension's claims and alleged damages could all be redressed by means of money. The trial court found that an injunction would not redress any injury caused by lost business because the court could not order customers to take their business to Dimension. The trial court also found that an injunction would have severe consequences to third parties including the Klaus Defendants' customers and employees.

{¶ 17} In deciding that Dimension had an adequate remedy at law, the trial court stated as follows:

> Plaintiff has lost business due to the alleged actions of the Klaus Defendants. An order enjoining the Klaus Defendants from operating their vehicle service contract business will not redress this injury. The Court cannot order the Klaus Defendants' customers to take their business to Plaintiff. Since this is so, any injunction in this matter would be of no use. Plaintiff's alleged injuries are not irreparable, but a quite reparable in the form of money damages.

(Decision and Entry, at 5.)

{¶ 18} The purpose of a preliminary injunction is to preserve the status quo pending a resolution of the case on the merits. *Union Twp.* The trial court's denial of Dimension's motion for a preliminary injunction does not affect Dimension's ability to seek money damages, and the trial court's denial of Dimension's motion for a preliminary injunction still affords Dimension a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims and parties. Accordingly, the trial court's decision and entry does not satisfy the requirements of R.C. 2505.02(B)(4)(b) and thus is not a final appealable order.

## IV. Disposition

{¶ 19} Not all the requirements of R.C. 2505.02(B)(4) have been met, and as a result, this court lacks jurisdiction over this appeal.   It is hereby dismissed.[1]

*Appeal dismissed.*

O'GRADY and LUPER SCHUSTER, JJ., concur.

_____

[1] Our review concerns the trial court's decision to deny the motion for a preliminary injunction.  In no way should our decision or the decision of the trial court be read as addressing or deciding the merits of Dimension's claims.